107 F.3d 20
 97 CJ C.A.R. 213
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles GREENWELL, Plaintiff-Appellant,
v.
COLORADO DEPARTMENT OF CORRECTIONS, in its official capacity
for the purpose of preliminary injunction only pursuant to
Rule 65 FRCP; Aristedes Zavaras, Executive Director of the
Colorado Department of Corrections in his official capacity
for the purpose of preliminary injunction, pursuant to Rule
65 of FRCP; Mark McKinna, Warden/Superintendent of the
Colorado Territorial Correctional Facility in his
individualized personal capacity; N. Clarr, Major at the
Colorado Territorial Correctional Facility, in his
individualized personal capacity; Gloria Masterson,
Disciplinary Appellate Officer at Colorado Territorial
Correctional Facility in her individualized personal
capacity; Dennis Dean, Lt., Disciplinary Hearing Officer at
the Colorado Territorial Correctional Facility, in his
individualized personal capacity; Joe Giganti, Captain
Cellhouse One Disciplinary Officer at the Colorado
Territorial Correctional Facility, in his individualized
personal capacity; James Cowan, Lieutenant at the Colorado
Territorial Correctional Facility and initiating employee of
disciplinary action in his individualized personal capacity
and unknown John and/or Jane Does at the Colorado
Territorial Correctional Facility, in his/her individualized
personal capacity, Defendants-Appellees.
 No. 96-1242.
 United States Court of Appeals, Tenth Circuit.
 Feb. 6, 1997.
 
 Before SEYMOUR, Chief Judge, PORFILIO and MURPHY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Charles Greenwell appeals from the district court's dismissal of his civil rights complaint under 42 U.S.C. § 1983 against the Colorado Department of Corrections and various corrections officials. Mr Greenwall asserts that the district court abused its discretion in refusing to further extend the time for him to respond to the Martinez report filed by defendants and by dismissing his complaint as frivolous under 28 U.S.C. § 1915(d).
 
 
 4
 We have reviewed the record in light of the arguments Mr. Greenwell makes in his briefs on appeal. We are not persuaded the district court abused its discretion in denying Mr. Greenwell's motion for a second extension of time to respond to the Martinez report. This is so in part because Mr. Greenwell has not provided us with a convincing argument that filing a response to the report would have resulted in a different outcome. Rather, we are convinced by the district court's analysis of the merits that Mr. Greenwell was provided with all the process in his disciplinary hearing that he was constitutionally due, and that he failed to provide a factual basis for an equal protection claim. With respect to the due process claim, we note that the hearing officer at the disciplinary hearing was entitled to believe a threat occurred despite the discrepancy in the testimony of the victim and Lt. Cowan about the date of the threat.
 
 
 5
 Substantially for the reasons stated in the Order of Dismissal filed April 25, 1996, we AFFIRM the judgment of the district court dismissing this action under section 1915(d).
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3